UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN WILLIAM WALLACE,

        Petitioner,

vs.

STATE OF WASHINGTON,

        Respondent.

NO. CV-12-5054-EFS

**ORDER DISMISSING PETITION WITHOUT PREJUDICE, AND ENTERING BAR ORDER**

By Order filed May 7, 2012, the Court instructed Mr. Wallace to either pay the $5.00 filing fee for this action or to complete and file an Application to Proceed without Prepayment of Fees and Affidavit within twenty-one days. ECF No. 2. More than two weeks after this deadline expired, Mr. Wallace paid the $5.00 filing fee on June 12, 2012.

A review of the petition in this action, ECF No. 8, shows that it is deficient and habeas relief can not be granted. Petitioner's initial submission was received on April 27, 2012. It consists of six pages of undecipherable phrases signed by "John William Wallace ++++++ federal agent," and indicating an alias of "John William McCartney."

Because the initial page contained the phrase "Writ of Habeas Corpus: Vacated, or Dismissed Petition: 28 U.S.C. § 2254," the documents

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 1

were filed as a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Subsequent pages repeatedly and nonsensically list various banking and legal terms, commodities, and elements. These pages also contained the phrases, "order of release, order to proceed, stay of execution."

On May 9, 2012, the Court received an additional set of similar documents. ECF No. 8-1. On May 14, 2012, Mr. Wallace submitted yet another set of such documents. ECF No. 8-2. At that time, Mr. Wallace was housed at the Benton County Jail, presumably on a charge and/or conviction for Felony Harassment in February 2012. He notified the Court on June 4, 2012, that he is currently confined at the Eastern State Hospital. ECF No. 6.

It plainly appears from the face of Mr. Wallace's submissions that he is not entitled to federal habeas relief at this time. To the extent he is attempting to challenge a five-year state court sentence imposed on February 22, 2012, he has clearly not exhausted available state court remedies. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerkel,* 526 U.S. 838, 842-43 (1999). A state prisoner has not done so if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

Accordingly, **IT IS HEREBY ORDERED**: this action is **DISMISSED** without prejudice under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. And this file shall be **CLOSED. IT IS FURTHER ORDERED** any pending motions are **DENIED as moot. As provided in CV-12-**

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 2

**5071-EFS, Mr. Wallace is restricted from filing any further civil actions in this District until June 1, 2013.** The Clerk's Office is directed to refuse filings from Mr. Wallace during this one-year period.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment and forward copies to Petitioner. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 18th day of June 2012.

                                      s/Edward F. Shea
                                      EDWARD F. SHEA
                          Senior United States District Judge

Q:\Civil\2012\prisoner12cv5054efs-6-13-dismissal.wpd

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 3